**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO A. DIGIOVANNI, | Civil Action No. 15-3245 (ES) |
| Petitioner, | |
| v. | OPINION |
| STEVE JOHNSON, et al., | |
| Respondents. | |

**SALAS, DISTRICT JUDGE**

Petitioner Marco A. DiGiovanni ("Petitioner"), a prisoner currently confined at Northern State Prison, previously submitted a Motion for Reconsideration pursuant to Local Rule 7.1(i). (D.E. No. 34, Motion for Reconsideration ("Mot."). The Motion was granted-in-part and denied-in-part by this Court. Out of an abundance of caution, the Court granted reconsideration with respect to Petitioner's claim that the Court, in denying habeas relief, overlooked his claim that the state failed to prove an element of the unlawful possession of a handgun charge. Having considered Petitioner's arguments, and for the reasons set forth below, the Court will deny habeas relief on this claim.

## I. Background

Only the facts relevant to this Opinion are recounted.[1] On or about May 8, 2015, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. No. 1, Petition ("Pet.")). On November 1, 2016, the Court denied Petitioner's Writ of Habeas Corpus. (*See* D.E. Nos. 32 & 33). In the

---

[1] A more detailed recitation of the facts and procedural history is set forth in the Court's Opinion denying habeas relief, dated November 1, 2016, and the Court need not recount it here. (*See* D.E. No. 32).

November 1, 2016 Opinion, the Court construed Petitioner's argument as raising two claims: double jeopardy with respect to consecutive sentences and error in jury instructions with respect to the unlawful-possession-of-a-handgun charge. (*See generally* D.E. No. 32). Both grounds for habeas relief were denied. (*Id.*). On or about November 14, 2016, Petitioner filed a Motion for Reconsideration. (*See generally* Mot.). The Court granted Petitioner's Motion with respect to his claim that the Court, in denying his Petition, overlooked his argument that the State had failed to prove the absence of a permit, an element of unlawful possession of a firearm. (*See* D.E. No. 39 at 4). Supplemental briefing on that claim was ordered. (*Id.*). Respondents filed a Limited Answer in which they argue that Petitioner's claim is unexhausted, procedurally barred, and meritless. (D.E. No. 40, Limited Answer ("Answer")).

**II.    Discussion**

Petitioner alleges that "[t]he state never produced any evidence to prove the [P]etitioner did not possess the necessary permit for a weapon at the Grand Jury or at trial" and thus the State did not meet its burden to prove each element of the offense of unlawful possession of a handgun beyond a reasonable doubt.[2] (D.E. No. 34-2 at 2). Respondents argue, among other things, that Petitioner is procedurally barred from raising this claim. The Court agrees because the claim was not raised before the trial court, and the state court found the claim procedurally barred.

Petitioner's claim that the state failed to prove an element of the unlawful possession of a handgun charge is related to his improper jury instruction claim, which this Court rejected in its

---

[2] The relevant New Jersey statute for unlawful possession of a handgun, reads:

> Any person who knowingly has in his possession any handgun, including any antique handgun, without first having obtained a permit to carry the same . . . is guilty of a crime of the second degree.
>
> . . .

N.J. Stat. Ann. § 2C:39-5b.

2

prior Opinion.[3] Petitioner raised both claims for the first time in 2010, over twenty years after his trial, in a motion for reconsideration, after the state judge denied his motion to correct an illegal sentence.[4] (D.E. No. 41 at 15–16). Petitioner then raised this claim in a *pro se* supplemental letter brief, appealing his resentencing. (D.E. No. 4 at 83–86). In that brief, Petitioner argued that the unlawful possession charge must be vacated because the jury instruction did not require the jury to find the absence of a permit. (*Id*. at 84–86). He further argued that "[t]here was absolutely no evidence/testimony, brought forth by the State, to suggest the defendant did not have the necessary permit for the weapon." (*Id*. at 85). The Appellate Division, in affirming the resentencing, denied the claims together, finding them meritless and procedurally barred, explaining:

> Defendant's supplemental submission argues, for the first time on appeal, his conviction on the unlawful possession charge must be vacated because the jury charge did not include an instruction requiring a finding of the absence of a firearms permit. We reject this contention as meritless. R. 2:11–3(e)(2). *See State v. Henderson*, 433 N.J. Super. 94, 104 n.10 (App. Div. 2013) ("An argument not presented in the trial court is not cognizable on appeal.") (citing *Nieder v. Royal Indem. Ins. Co.*, 62 N.J. 229, 234 (1973)).

*State v. DiGiovanni*, Indictment No. A-0938-12T2, 2014 WL 4675244, at *5 (N.J. Super. Ct. App. Div. Sept. 22, 2014).

---

[3]  The Court does not revisit its rejection of the jury instruction claim in this Opinion, and addresses only Petitioner's argument that the state failed to prove an element of the unlawful possession of a handgun charge.

[4]  As further background, in 2009, Petitioner filed a motion to correct an illegal sentence, based on the State's failure to prepare a pre-sentence report. *See State v. DiGiovanni*, Indictment No. A-0938-12T2, 2014 WL 4675244, at *1 (N.J. Super. Ct. App. Div. Sept. 22, 2014) (outlining when this claim was raised). The judge initially denied the motion. (*Id.*). Petitioner then filed a motion for reconsideration wherein he raised, for the first time, a claim that his "conviction for possession of a weapon without a permit. . . . was obtained on less th[a]n the burden of proof required" and that the jury instructions on this matter were improper. (*See* D.E. No. 41 at 16). The judge determined that a hearing was necessary to consider Petitioner's argument that the pre-sentence report was never provided to him, and the judge ultimately resentenced Petitioner. (*See* D.E. No. 1-1 at 31, Amended Judgment of Conviction ("Am. JOC")).

3

Because Petitioner could have raised this claim before the trial court, the Appellate Division procedurally barred the claim. "Federal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1803–04 (2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Id.* (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). In New Jersey, the Appellate Division regularly declines to consider claims that were not previously raised in the trial court. *See State v. Robinson*, 974 A.2d 1057, 1069 (N.J. 2009) ("[i]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available . . . .") (quoting *Nieder*, 300 A.2d at 145); *State v. Dunlap*, Indictment No. 10-07-0983, 2016 WL 207616, at *1 n.3 (N.J. Super. Ct. App. Div. Jan. 19, 2016) ("[t]he jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves") (quoting *Robinson*, 974 A.2d at 1068); *State v. Coleman*, Indictment No. 13-04-0210, 2016 WL 6937921, at *5 (N.J. Super. Ct. App. Div. Nov. 28, 2016) ("we generally decline to consider issues that were not presented at trial") (emphasis excluded); *State v. Southerland*, Indictment No. 09-10-1750, 2015 WL 392172, at *7–8 (N.J. Super. Ct. App. Div. Jan. 30, 2015).

Here, the Court finds that the refusal to hear a claim that was not properly presented to the trial court to be a regularly applied New Jersey state court procedural rule. *See Tellus v. New Jersey*, No. 14-3121, 2018 WL 2095600, at *3 (D.N.J. May 7, 2018) ("In New Jersey, the Appellate Division frequently declines to consider claims that were not raised in the trial court first. . . . In this case, any claims not heard by the Appellate Division on appeal from the PCR Court were defaulted pursuant to this adequate state court rule."); *Grissom v. Mee*, No. 10-1468,

2012 WL 2050240, at *20 n.8 (D.N.J. June 5, 2012) (declining to address petitioner's habeas claims that were not raised below, finding the claims procedurally barred under New Jersey law); *Jenkins v. Ricci*, No. 09-4019, 2010 WL 3724522, at *12 (D.N.J. Sept. 14, 2010) ("With respect to the newly-raised claim . . . the Appellate Division declined to review these issues raised for the first time on appeal, citing *Nieder* . . . Thus, the Appellate Division found the jury-instruction claim procedurally barred, and this Court is also barred from considering the claim."). Further, applying this procedural bar appears particularly appropriate in this case, where Petitioner did not raise the claim at issue until more than twenty years after his trial.

It is not necessarily clear what the Appellate Division meant by stating the claim was "meritless", insofar as it cited to *Henderson* and *Nieder*, which reference state procedural bars. The fact that the Appellate Division may have also found the claim meritless, does not change this Court's analysis. *See Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004) ("The fact that both the New Jersey trial court and Appellate Division made reference to the merits of the case as an alternative holding does not prevent us from finding procedural default.").[5] Instead, so long as it is "clear that the procedural ground for denying [Petitioner's] claim . . . was a distinct and separate basis for the Superior Court's decision" the Court need not address "the Superior Court's alternative holding." *Jackson v. Superintendent Somerset SCI*, 713 F. App'x 68, 72 (3d Cir. 2017).

To overcome a procedural default, a petitioner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

---

[5] Nor does it change this Court's analysis that it previously found the related jury instruction claim to be meritless. This is because a federal court is permitted to deny a procedurally defaulted claim on the merits. *See Hameen v. Delaware*, 212 F.3d 226, 251-51 (3d Cir. 2000) (extending 28 U.S.C. § 2254(b)(2)—which permits a federal court to deny unexhausted claims on the merits—to instances of procedural default).

5

Petitioner has failed to provide sufficient facts or arguments demonstrating cause and actual prejudice. In his reply to Respondents' Supplemental Answer, Petitioner raises a general claim of ineffective assistance of counsel, stating: "there was ineffective assistance of counsel at every stage of collateral attacks. Not one Public Defender or appointed pool attorney raised any of the distinct issues regarding an illegal sentence . . . the illegal sentence issues were finally raised, in 2009, by an inmate paralegal helping [P]etitioner." (D.E. No. 41 at 12). To the extent Petitioner blames post-conviction relief ("PCR") counsel for not raising this issue on PCR, there is no federal constitutional right to counsel in PCR Court proceedings. *See Coleman*, 501 U.S. at 752. Further, federal law prohibits ineffective assistance of PCR counsel claims in a federal habeas petition. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

The limited exception to this rule is in *Martinez v. Ryan*, 566 U.S. 1 (2012), which provides an avenue to show "cause" for a defaulted claim. In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Here, if Petitioner is claiming his PCR counsel was ineffective in failing to raise this as a direct claim, *Martinez* is not applicable, because the Court in *Martinez* "did not hold that ineffective assistance at initial-collateral review proceedings is itself a constitutional violation." *Muse v. D'Ilio,* No. 11-4068, 2016 WL 8710020, at *9 (D.N.J. May 20, 2016). If, instead, Petitioner is arguing that his PCR counsel failed to raise an ineffective assistance of trial counsel claim, that claim certainly fails, as Petitioner represented himself at trial.

Nor would Petitioner's argument be any stronger were he to assert a claim of ineffective assistance of appellate counsel for failing to raise this claim on direct appeal. To establish "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *see also Coleman*, 501 U.S. at 752 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") (citing *Murray*, 477 U.S. at 488). Thus, for Petitioner to demonstrate his appellate counsel was ineffective in failing to raise this claim, he would have to demonstrate that his counsel was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness" and petitioner must establish that counsel's "deficient performance prejudiced the defense". *Id*. at 687-88. *See Albrecht v. Horn*, 485 F.3d 103, 137 (3d Cir. 2007) (stating that "[i]neffective assistance of appellate counsel is judged by the *Strickland* standard") (citation omitted). It is Petitioner who bears the burden to demonstrate his counsel was ineffective and that he was prejudiced by counsel's deficiencies. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). This is a heavy burden, and mere speculation, or conclusory assertions are insufficient. *See, e.g.*, *Kidwell v. Martin*, 480 F. App'x 929, 934 (10th Cir. 2012) (finding that "vague and conclusory evidence is insufficient to satisfy the prejudice prong of *Strickland*") (citation omitted); *Cannon v. Gibson*, 259 F.3d 1253, 1262 n.8 (10th Cir. 2001) ("[C]onclusory assertion[s] that counsel was ineffective, along with a bald reference to *Strickland* . . . is simply not sufficient to preserve this claim."); *Gonzalez v. United States*, No. 13-CV-7588, 2014 WL 4494020, at *3 n.36 (S.D.N.Y. Sept. 12, 2014) ("[P]etitioner's conclusory assertions of ineffective assistance, without any

7

allegations of fact to support the assertions, fail to establish that his counsel's performance was deficient.") (citation and quotation marks omitted). Without sufficient facts in support of his argument, Petitioner has failed to meet his burden to demonstrate cause for his procedural default of this claim.

Nor is this the type of extraordinary case in which Petitioner can overcome the default of his claims by way of the miscarriage of justice exception. To show a fundamental miscarriage of justice, a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Carrier*, 477 U.S. at 496). Under this standard, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Once such evidence is presented, a petitioner must then show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. Here, Petitioner has not presented any new evidence to demonstrate his innocence. In fact, all the information was available to Petitioner at the time of trial, when the State presented the case against him, but Petitioner still neglected to raise this claim for over twenty years. Even if the Court could construe Petitioner's argument as a claim of actual innocence, that still fails to change this Court's analysis. This is because under New Jersey law "[w]hen the legality of a person's conduct . . . depends on his possession of a license or permit . . . it shall be presumed that he does not possess such a license or permit . . . until he establishes the contrary." N.J. Stat. Ann. § 2C:39-2b. Thus, under New Jersey law, it was Petitioner's affirmative duty to present a permit, and there is nothing to indicate that he did so. Therefore, because Petitioner is

unable to overcome the procedural default on his claim, the Court denies habeas relief on this claim.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons stated above, Petitioner is DENIED habeas relief on this claim and Petitioner is DENIED a certificate of appealability.

An appropriate Order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**